UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LOUISE LORIA HANEL, as Executor of the
Estate of ROBERT A. LORIA, and YVONNE
MARIA PARSON, as Executor of the Estate
of JAMES L. HUTCHERSON, SR., for
themselves and on behalf of all others
similarly situated,

                    Plaintiffs,

      -against-

NEW YORK STATE VETERANS HOME AT
ST. ALBANS a/k/a NYS VETERANS
HOME IN NYC, NEVILLE A. GOLDSON,

                  Defendants.

**MEMORANDUM AND ORDER**
Case No. 23-cv-08213-FB-CLP

---

*Appearances:*
*For the Plaintiffs:*
JOSEPH CIACCIO
Napoli Shkolnik, PLLC
400 Broadhollow Road, Suite 305
Melville, NY 11747

WILBERT MENDEZ
Wilbert Mendez
P.O. Box 193773
San Juan, Puerto Rico

*For Defendant NYS Veterans Home:*
STEPHEN M. JURIS
JOSHUA D. ROTH
BREANNA WEBER
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York
10004

*For Defendant Neville A. Goldson*
GREGORY JOHN RADOMISLI
Martin, Clearwater & Bell
220 East 42nd Street
New York, NY 10028

**BLOCK, Senior District Judge:**

Defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss the Amended Complaint for lack of subject matter jurisdiction is **GRANTED**.[1] Plaintiffs have brought claims against the New York State Veterans Home at St. Albans (the "State Home"), a state-owned and -run nursing facility, and Neville A. Goldson in his capacity as administrator of the State Home. However, states and their instrumentalities may not be sued in federal court unless they have waived their Eleventh Amendment immunity or Congress has abrogated their immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

Here, there is no question that the State Home is an instrumentality of New York State. It is owned by the State and operated by the New York State Department of Health ("NYSDOH"). N.Y. Pub. Health L. § 403(1)(d) (establishing the State Home within the NYSDOH). Plaintiffs concede as much in their complaint. Compl. ¶ 2 ("The New York State Veterans Homes are publicly owned and operated[.]"). Courts in this circuit have not only concluded that NYSDOH is immune from suit under the Eleventh Amendment, *see Gage v. New York State Dep't of Health*, 204 F. Supp. 2d 399, 402 (N.D.N.Y. 2002), but also that this specific State Home is immune. *See Spooner-Mitchell v. New York State Veterans Home at St. Albans*, No. CV-04-1266 (DGT), 2004 WL 7402964, at *5 (E.D.N.Y. May 18, 2004). And, as an officer of the State, Eleventh Amendment immunity extends to Goldson as well. *Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir. 1999) ("State immunity extends to state agencies and to state officers who act on behalf of the state."). Because the State has not consented to suit and Congress has not abrogated its immunity, the Eleventh Amendment immunizes the Defendants and deprives the Court of jurisdiction. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631, 640, 145 L. Ed. 2d

---

[1] Defendants also move to dismiss for failure to state a claim under 12(b)(6), but because the Court concludes that Defendants are immune from suit under the Eleventh Amendment, it does not reach that part of the defendants' motion.

522 (2000) ("[T]he Constitution does not provide for federal jurisdiction over suits against nonconsenting States[.]"). Plaintiffs' suit is hereby dismissed.

The Court also advises plaintiffs' counsel to take particular heed of this ruling. The Court understands that plaintiffs' counsel has brought nearly identical claims in the past against another State Home. *Gille v. New York*, No. 22-CV-02974 (E.D.N.Y. May 20, 2022) (Morrison, J.). In that litigation, Judge Morrison advised plaintiffs' counsel that he had "an ethical obligation to dismiss" such claims because the Eleventh Amendment clearly immunized the defendants. *Id*. Conf. Tr. Sept. 6, 2023, 11:17–20. This Court reminds counsel that he has an ethical obligation to not bring legally baseless claims and advises him against continuing to pursue such claims in the future. *See* N.Y. RPC 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous.").

**SO ORDERED.**

       _/S/ Frederic Block_____
       FREDERIC BLOCK
       Senior United States District Judge

Brooklyn, New York
April 7, 2026

3